## EDMONDSON v. UNITED STATES.

No. 7800.

Circuit Court of Appeals, Fifth Circuit.

Dec. 20, 1935.

Joseph H. Blackshear and John M. Johnson, both of Gainesville, Ga., for appellant.

518

Lawrence S. Camp, U. S. Atty., and I. K. Hay, Asst. U. S. Atty., both of Atlanta, Ga., for the United States.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted upon an indictment which charged that he unlawfully possessed 45 gallons of distilled spirits, the immediate container thereof not having affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of internal revenue taxes imposed on said spirits.

When the case was called for trial, appellant moved to quash a search warrant that had been issued to search the premises occupied by him, where the liquor was found, on the ground that it had issued without probable cause; and to suppress the evidence obtained by the execution of the search warrant. The District Court considered the objection to the search warrant and ruled in favor of its validity.

Appellant took the stand in his own defense and testified, in substance, that after the warrant was shown to him he offered no objections to the search; that the liquor found belonged to him and that there were no stamps on the containers. There was other evidence tending to show that before the search warrant was presented appellant told the officer who made the search to go ahead and look around the premises.

Error is assigned to the refusal of the court to quash the search warrant and suppress the evidence obtained by the search. The warrant recites that Souther, a deputy collector of internal revenue, appeared personally before the Commissioner issuing the search warrant and executed an affidavit of his personal knowledge showing, among other facts, that whisky had been recently sold from appellant's premises. It was the province of the District Court to determine whether the warrant issued upon probable cause and there is nothing in the record that would tend to show that the decision was erroneous. The evidence obtained on the search warrant was properly admitted.

After the defendant took the stand, the search warrant became immaterial. There is no doubt whatever that appellant unlawfully possessed distilled spirits, upon which the tax had not been paid, in con-

tainers to which internal revenue stamps had not been affixed. His own evidence was sufficient to convict him.

Other assignments of error are entirely without merit and require no discussion. In fact, it may well be said the appeal is frivolous.

Affirmed.